1
2
3
4
5

LEXINGTON LAW GROUP
Howard Hirsch, State Bar No. 213209
Nancy Tompkins, State Bar No. 183623
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
hhirsch@lexlawgroup.com
ntompkins@lexlawgroup.com

6
7

Attorneys for Plaintiffs
ALEX WELLINS
MIKE MILLER

8

## UNITED STATES DISTRICT COURT

9

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11
12

ALEX WELLINS and MIKE MILLER, on behalf of themselves and all others similarly situated,

Case No.

13

Plaintiffs,

**CLASS ACTION COMPLAINT**

14

v.

**DEMAND FOR JURY TRIAL**

15

LOCKN' LLC,

16

Defendant.

17
18
19
20
21
22
23
24
25
26
27
28

DOCUMENT PREPARED
ON RECYCLED PAPER

**INTRODUCTION**

1.        Plaintiffs Alex Wellins and Mike Miller, by and through their counsel, bring this class action against Lockn' LLC ("Defendant") to seek redress for its unconscionable practices relating to the sale of tickets to the Lockn' Music Festival ("Lockn'") and its refusal to provide refunds to consumers who bought tickets to that event before it was rescheduled, on April 9, 2020, due to the outbreak of the novel coronavirus, COVID-19.

2.        Before the pandemic struck, Plaintiffs and Class members purchased tickets to Lockn' 2020, which was originally scheduled to take place on June 18-21, 2020.

3.        Because of the health risks presented by COVID-19, most Americans are now subject to self-imposed quarantine or government shelter-in-place directives.  This has resulted in the effective shut-down of large sectors of the national economy, with many Americans losing their jobs or otherwise facing the prospect of serious financial peril.  A record 38.6 million people in the United States have filed for unemployment since March 2020.[1]

4.        Gathering in crowds now poses significant health risks, including death, for millions of people.  Due to these hazards, Lockn' 2020 was rescheduled on April 9, 2020, to dates in early October.

5.        Yet, despite having moved the festival to new dates, and despite the unprecedented hardships and risks now facing the "Lockn' Family" (as visitors to the Lockn' website are hailed),[2] Lockn' LLC is refusing to refund the money ticketholders paid to attend the originally-scheduled event.

6.        Instead, as if to show what they mean when they say "we are all in this together,"[3] Lockn' 2020 organizers are forcing ticketholders to endure the financial losses Lockn' LLC would suffer in the now entirely foreseeable event that 1) ticketholders cannot attend Lockn' 2020 on the rescheduled dates; 2) fallout from COVID-19 dims consumers' enthusiasm for the

---

[1] https://www.npr.org/sections/coronavirus-live-updates/2020/05/21/8598362 (last visited 05/24/20).

[2] https://www.locknfestival.com (last visited 05/29/20).

[3] https://www.locknfestival.com (last visited 05/29/20).

DOCUMENT PREPARED
ON RECYCLED PAPER

rescheduled mass gathering; or 3) government orders force the event's cancellation or further postponement. These are risks that Lockn' LLC assumed when it undertook to organize Lockn' 2020.

7.      "[T]he world has changed."[4]  Many consumers are unwilling to accept the risks of joining in a mass gathering in October; others simply cannot make the rescheduled dates. But Lockn' LLC publishes no clear advance warning of its draconian no-refunds policy. In fact, even to date, Lockn' LLC has refrained from announcing its policy. It is only those ticketholders who take up the invitation to "contact us … to request a refund if you cannot attend the rescheduled event" who finally learn what Lockn' LLC's policy is: We are keeping your money.

8.      Even while festival organizers exhort the Lockn' family to "[b]e kind to each other,"[5] Lockn' LLC is retaining funds Plaintiffs and Class members paid to attend Lockn' 2020 on June 18-21, an event that will not occur. This violates the California Consumers Legal Remedies Act ("CLRA") and constitutes unlawful, unfair and deceptive conduct under California's Unfair Competition Law ("UCL") as well as Minnesota's Unfair Trade Practices Act ("UTPA") and Consumer Fraud Act ("CFA"), actionable under that state's Private Attorney General Statute.

9.      Lockn' LLC's enforcing this outrageous (and heretofore secret) no-refunds policy constitutes a breach of the contract arising between Lockn' LLC and purchasers of its entertainment services such as Plaintiffs and Class members.

10.      Lockn' LLC's enforcing its no-refunds policy against ticketholders who request refunds for postponed events also constitutes a breach of the covenant of good faith and fair dealing attending this contract.

11.      As a result of Defendant's conduct, consumers who cannot use their tickets to Lockn' 2020 may suffer significant financial distress. At a time when most Americans

---

[4] https://www.locknfestival.com (last visited 05/28/20).

[5] https://www.locknfestival.com (last visited 05/28/20).

-2-

1  desperately need access to their own funds to salve the unprecedented hardships attending a

2  global pandemic, Lockn' LLC is retaining these funds without justification.

3       12.     In light of Defendant's egregious profiteering, Plaintiffs and the Class seek an

4  order against Lockn' LLC awarding damages, injunctive relief and restitution, and requiring it to,

5  among other things: (1) Identify or make a reasonable attempt to identify all consumers who

6  purchased tickets to Lockn' 2020 before the festival was rescheduled on April 9, 2020; (2) Notify

7  all such identified persons of its wrongful conduct, and offer to provide appropriate remedies,

8  including, but not limited to, offering each such ticketholder, upon request, a prompt and full

9  refund of the ticket price, including all service, convenience, delivery, and any other fees; (3)

10 Promptly fulfill any requests received and immediately make appropriate remedies, including, at

11 a minimum, payment of a prompt and full refund of the ticket price, including all service,

12 convenience, delivery and any other fees; and (4) Publish conspicuous notice that Lockn' LLC

13 has reversed its policy of refusing refunds for the originally-scheduled Lockn' 2020, including in

14 such notice instructions for ticketholders to claim relief under Defendant's revised policies.  In

15 addition, Plaintiffs seek damages, restitution and disgorgement of all profits and unjust

16 enrichment, including interest, that Defendant has obtained from Class members as a result of its

17 deceptive, unlawful, unfair and unconscionable business practices.  Lastly, Plaintiffs seek

18 reasonable attorneys' fees and costs, and such other and further relief as the Court may deem

19 necessary or appropriate.

20                                      **PARTIES**

21       13.     Plaintiff Alex Wellins is, and at all times alleged in this Class Action

22 Complaint was, a citizen of California residing in the County of San Francisco.

23       14.     Plaintiff Mike Miller is, and at all times alleged in this Class Action Complaint

24 was, a citizen of Minnesota residing in the County of Hennepin.

25       15.     Alex Wellins and Mike Miller are referred to collectively herein as

26 "Plaintiffs."

27       16.     Plaintiffs bring this action on behalf of themselves and a class of similarly

28 situated individuals who have been refused, or not been offered, refunds for the purchase price,

1    including fees and costs, of tickets they bought for Lockn' 2020 before April 9, 2020, when the

2    festival was rescheduled due to the novel coronavirus, COVID-19.

3          17.        Defendant Lockn' LLC is a Virginia corporation headquartered in New York,

4    New York.  Lockn' LLC maintains its principal place of business at 104 West 29th Street, 11th

5    Floor, New York, NY 10001.  Lockn' LLC, directly and through its agents, has substantial

6    contacts with and receives substantial benefits and income from and through the United States

7    and the State of California.

8                              **JURISDICTION AND VENUE**

9          18.        This Court has subject matter jurisdiction over this action pursuant to the Class

10   Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A) because: (i) there are 100 or more class members,

11   (ii) there is an aggregate amount in controversy exceeding $5,000,000, and (iii) at least some

12   members of the proposed Class have a different citizenship from Lockn' LLC because Lockn'

13   LLC is not a citizen of California or Minnesota.

14         19.        This Court has personal jurisdiction over Lockn' LLC because it is a

15   corporation or other entity with sufficient minimum contacts in California, or that otherwise

16   intentionally avails itself of the California market either by providing services in the State of

17   California or by having a facility or employees located in California so as to render the exercise

18   of jurisdiction over it by the California courts consistent with traditional notions of fair play and

19   substantial justice.

20         20.        This Court has supplemental jurisdiction over any state law claims pursuant to

21   28 U.S.C. § 1367.

22         21.        Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of

23   the events or omissions giving rise to the claims occurred in this District pursuant to 28 U.S.C. §

24   1391(b)(2).

25         22.        In accordance with the California Civil Code § 1780(d), concurrently with filing

26   this Complaint, Plaintiffs are filing an affidavit regarding the propriety of venue in San Francisco

27   County.

28

23.     Plaintiffs accordingly allege that jurisdiction and venue are proper in this Court.

24.     **Intradistrict Assignment (L.R. 3-2(c) and (d) and 3.5(b))**:  This action arises in San Francisco County, in that a substantial part of the events which give rise to the claims asserted herein occurred in San Francisco County.  Pursuant to L.R. 3-2(d), all civil actions which arise in San Francisco County shall be assigned to the San Francisco Division or the Oakland Division.

## BACKGROUND FACTS

25.     Lockn' is an annual four-day music festival held at Oak Ridge and Infinity Downs Farms, amid the Blue Ridge Mountains in Arrington, Virginia.  According to Wikipedia, Lockn' features "primarily…jam bands and other music improvisation acts.  Its inaugural event took place on September 5-8, 2013, [and] drew nearly 25,000 fans."

26.     Lockn's organizers describes themselves as "a group of dedicated music fans who began this journey in 2013, aspiring to provide the ultimate atmosphere for live music and community to flourish."[6]

27.     The Lockn' website offers no information to anyone attempting to discover Lockn' LLC's refund policy.  Clicking on "Ticketing Questions" at the bottom of the www.locknfestival.com home page shunts the user directly to the website of its ticket vendor, Front Gate, where the user may click on, "How do I cancel or get a refund on my order?" The answer is uninformative: "If the event was moved or canceled, the Event Provider [*i.e.*, Lockn' LLC] may set refund limitations."[7]

28.     A FAQ section featured on the Lockn' website includes the question, "I can't make the new rescheduled dates. Can I receive a refund?  The following response is provided:

> The COVID-19 outbreak and global pandemic – a situation beyond all of our control – has changed our daily lives in a way not seen for generations, and because LOCKN' Festival, like other festivals and other shows across the

---

[6] https://www.locknfestival.com/the-lockn-story (last visited 05/28/20).

[7] https://support.frontgatetickets.com/s/article/How-do-I-cancel-or-get-a-refund-on-my-order (last visited 05/26/20).

DOCUMENT PREPARED ON RECYCLED PAPER

world, cannot be held on its originally-scheduled dates due to the ban on mass gatherings and the need for social distancing, the LOCKN' team has been working hard to reschedule the Festival for October 1-4. We will announce our rescheduled lineup and any additional refund policy information as soon as it becomes available.[8]

29.     The Lockn' website is otherwise replete with color photos of past Lockn' festivals, picturing thousands of attendees standing packed shoulder-to-shoulder before a giant stage, lined up to buy craft beer and artisan-prepared food at booths populating the venue, and shopping in crowded on-site markets for clothing and art.[9]

30.     While older adults are at high risk of developing complications from COVID-19 infection, the celebration of Phil Lesh's 80th birthday is advertised as a special draw to Lockn' 2020.[10]  Because of that celebration, it is likely that older Americans comprise a substantial portion of the Class.

31.     Plaintiff Alex Wellins viewed representations on the Lockn' website that Lockn' LLC would be providing the Lockn' experience on June 18-21, 2020.

32.     Based on these representations, Mr. Wellins bought two (2) multi-day VIP tickets to Lockn' 2020 on January 19, 2020 on the website of Lockn's ticket vendor Front Gate. He paid the "early bird" price of $1798.00 for both tickets, and was charged an additional service fee of $78.10, plus a $10 delivery charge for a total charge of $1886.10.

33.     Plaintiff Mike Miller viewed representations on the Lockn' website that Lockn' LLC would be providing the Lockn' experience on June 18-21, 2020.

34.     Based on these representations, Mr. Miller bought two (2) multi-day VIP tickets to Lockn' 2020 on January 23, 2020 on the website of Lockn's ticket vendor Front Gate. He paid $1898.00 for both tickets, and was charged an additional service fee of $81.20, plus a $10 delivery charge, for a total charge of $1989.20.

---

[8] www.locknfestival.com/faq (last visited 05/27/20).

[9] https://www.locknfestival.com/experience (last visited 05/27/20).

[10] https://nelsoncounty.com/event/lockn-music-festival/2020-10-04/.

Document Prepared
on Recycled Paper

CLASS ACTION COMPLAINT

35.     After learning that Lockn' 2020 was postponed, on May 7, 2020, Plaintiff Alex Wellins sent a polite email to Front Gate, requesting a refund for his tickets.  Mr. Wellins included all the requested purchase information, as instructed, and explained, "I cannot attend the rescheduled dates."

36.     He received a reply from J.M. at Front Gate shortly after midnight on May 8, 2020:  "We are sorry to hear about your circumstances during this difficult period.  Unfortunately, your festival is not accepting refund requests at this time."  J.M. encouraged Mr. Wellins to visit the Lockn' website, as this policy was "always subject to change, or for official resale options."

37.     On May 8, Mr. Wellins responded by email, asking to be referred to J.M.'s supervisor.  Among other things, he pointed out, "You cannot keep people's money when you change an event date by several months and people may not be able to attend."

38.     On May 9, 2020, Christopher responded for Front Gate:  "I do apologize, there are no further escalations required as we have given you all the necessary information in order to provide an answer for your request."

39.     Mr. Wellins wrote back later the same day, "I respectfully request a full refund."  In this message, he noted, "You are keeping funds and earning interest on them for an event that was postponed for months and may not happen.  It's not reasonable and it's immoral during a pandemic."

40.     On May 10, 2020, Mr. Wellins received this message from Valerie at Front Gate:  "We are sorry to hear about your circumstances during this difficult period.  Unfortunately your festival is not accepting refund requests at this time.  We are deeply sorry for any inconvenience, however this does not mean that in the near future refund [sic] will become available.  We encourage you to visit [the Lockn'] website as this is always subject to change, or for official resale options."

41.     On May 21, 2020, Plaintiffs sent a pre-suit demand letter to Lockn' LLC notifying the company that it has engaged in ongoing unlawful, unfair and deceptive conduct in connection with its obligation to provide refunds to Lockn' 2020 ticketholders who purchased their tickets before the festival was postponed, on April 9, 2020, and requesting Lockn' LLC to

correct, repair, replace or otherwise rectify its unlawful, unfair, false and deceptive practices  To date, Lockn' LLC has ignored this request.

## CLASS ACTION ALLEGATIONS

42.     Plaintiffs bring this suit individually and as a class action pursuant to Federal Rule of Civil Procedure Rule 23, on behalf of themselves and the following Classes of similarly situated individuals:

National Class

All individuals within the United States who bought tickets to the originally-scheduled Lockn' 2020 music festival before April 9, 2020.

California Subclass

All Class members who reside in California.

Minnesota Subclass

All Class members who reside in Minnesota.

Specifically excluded from the Class are Lockn' LLC; the officers, directors or employees of Lockn' LLC; any entity in which Lockn' LLC has a controlling interest; and any affiliate, legal representative, heir or assign of Lockn' LLC.  Also excluded is any judicial officer presiding over this action and the members of her or his immediate family and judicial staff, and any juror assigned to this action.

43.     This action has been brought and may properly be maintained as a class action against Defendant because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

44.     **Numerosity:** Plaintiffs do not know the exact size of the Class, but they estimate it is composed of thousands of persons.  The exact size of the proposed Class and the identity of its members will be readily ascertainable from Defendant's business records as well as Class members' own records and evidence.  However, Lockn' has been drawing crowds of more than twenty thousand people since its inception in 2013.  The persons in the Class are so numerous that the joinder of all of them is impracticable for purposes of Rule 23(a)(1) and the

DOCUMENT PREPARED ON RECYCLED PAPER

disposition of their claims in a class action rather than in individual actions will substantially benefit both the parties and the Court.

45.      **Common Questions Predominate:** This action involves common questions of law and fact to the potential Classes because each Class member's claim derives from the same unlawful and/or unfair statements, omissions, and actions.  The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each Class member to recover.  The questions of law and fact common to the Class include, but are not limited to, the following:

a.   Whether an implied contract exists between Lockn' LLC and Class members;

b.   Whether Lockn' LLC's no-refunds policy is unconscionable;

c.   Whether Defendant's failure to issue refunds to Class members constitutes unjust enrichment, a breach of contract, and/or conversion;

d.   Whether Defendant's failure to issue refunds to Class members breached the implied covenant of good faith and fair dealing;

e.   The amount of profits and revenues earned by Lockn' LLC as a result of the misconduct;

f.   Whether Class members are entitled to restitution, injunctive and other equitable relief and, if so, the nature (and amount) of such relief;

g.   Whether Class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if so, the nature of such relief;

California Subclass:

h.   Whether Defendant's conduct violates the CLRA, California Civil Code, §§ 1770, *et seq.*;

i.   Whether punitive damages under the CLRA are warranted for Defendant's conduct and, if so, an appropriate amount of such damages;

j.   Whether Defendant's conduct is unlawful, unfair, or fraudulent in violation of the Unfair Competition Law, California Business and Professions Code, §§ 17200, *et seq.*;

Minnesota Subclass

k.   Whether Defendant's conduct violates the Minnesota Unfair Trade Practices Act, Minn. Stat. §§ 325D.09-325D.16; and

l.   Whether Defendant's' conduct is unlawful, unfair, or fraudulent in violation of the Minnesota Consumer Fraud Act, Minn. Stat. §325F.68-325F.70 (which is subject to private enforcement per Minn. Stat. § 8.31, subd. 3a).

46.   **Typicality:** Plaintiffs' claims are typical of the claims of other Class members because, among other things, all such claims arise out of the same wrongful course of conduct in which the Defendant engaged in violations of law as described herein.  Further, the damages of each Class member were caused directly by Defendant's wrongful conduct in violation of the law as alleged herein.  Plaintiffs and each Class member have suffered injury in fact and lost money or property as a result of Defendant's policies.  Plaintiffs and each Class member purchased tickets to Lockn' 2020, an event originally scheduled to take place in June 2020 that was postponed and for which Defendant refuse to provide a refund.

47.   **Adequacy of Representation:** Plaintiffs will fairly and adequately protect the interests of all Class members because it is in their best interests to prosecute the claims alleged herein to obtain full compensation due to them for the unfair and illegal conduct of which they complain.  Plaintiffs also have no interests that are in conflict with, or antagonistic to, the interests of the Class members.  Plaintiffs have retained highly competent and experienced class action attorneys to represent their interests and those of the Classes.  By prevailing on their own claims, Plaintiffs will establish Defendant's liability to all Class members.  Plaintiffs and their counsel are aware of their fiduciary responsibilities to the Class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for Class members.

48.   **Superiority:**  There is no plain, speedy, or adequate remedy other than by maintenance of this class action.  The prosecution of individual cases by members of the Classes

will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.  Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense that numerous individual actions would engender.  Further, the financial harm Defendant is inflicting on Plaintiffs and Class members is particularly egregious now when millions of Americans are newly unemployed or otherwise in financial distress due to the COVID-19 pandemic.  These hardships further diminish the likelihood that separate plaintiffs could or would be able to shoulder the expenses and burdens of litigation to seek legal redress against Defendant for the wrongs complained of herein, while an important public interest will be served by addressing the matter as a class action.

49.     Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**<u>FIRST CAUSE OF ACTION</u>**
**Breach of Contract**
**(On Behalf of the Class)**

50.     Plaintiffs incorporate by reference the allegations set forth above.

51.     Contracts were formed between Plaintiffs and Class members on the one hand and Lockn' LLC on the other with respect to Plaintiffs' and Class members' purchases of entertainment services from Lockn' LLC.

52.     By its acts and statements, Lockn' LLC represented that it would provide certain entertainment services (*i.e.* "the Lockn' experience") on certain dates (*i.e.* June 18-21, 2020) to consumers in exchange for valuable consideration, and, conversely, that if Lockn' LLC could or would not provide those services on those dates, then it would refund the consideration paid for them.

53.     Plaintiffs and Class members performed their obligations under the contracts by paying substantial sums of money to enjoy the Lockn' experience on June 18-21, 2020.

54.     Lockn' LLC has breached these contracts by retaining the funds Class members paid to attend the originally-scheduled Lockn' 2020, an event that will not occur.

DOCUMENT PREPARED
ON RECYCLED PAPER

55.     Lockn' LLC's failure to provide the Lockn' experience on the dates offered and accepted by Plaintiffs and the Class is a breach of contract.

56.     Lockn' LLC's enforcing its outrageous (and heretofore secret) no-refunds policy against Plaintiffs and the Class is a breach of contract.

57.     Defendant has engaged and continues to engage in conduct that violates the legislatively declared policy of the CLRA against misrepresenting the characteristics, uses, benefits and quality of goods and services for sale.

58.     Plaintiffs and Class members have suffered damages in an amount to be proven at trial by having paid for a festival experience that they cannot enjoy.

Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

**SECOND CAUSE OF ACTION**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**
**(On behalf of the Class)**

59.     Plaintiffs incorporate by reference the allegations set forth above.

60.     By selling entertainment services to Plaintiffs and Class members, as set forth above, Lockn' LLC entered into contracts with them.

61.     In exchange for substantial payments, Lockn' LLC agreed to provide certain entertainment services (*i.e.* the Lockn' 2020 experience) on certain dates (*i.e.*, June 18-21, 2020). Lockn' LLC did not inform Plaintiffs and the Class that it could or would renounce its obligations under its contracts with them in the event Lockn' 2020 was postponed.

62.     Plaintiffs and Class members purchased Lockn' LLC's entertainment services with the reasonable expectation that their payment would be refunded if Lockn' LLC proved unable to deliver the promised services on the promised dates.

63.     In addition, Plaintiffs and members of the Class purchased Lockn's entertainment services with the reasonable expectation that Lockn' LLC would deal with them honestly, fairly, equitably, in good faith and in full conformity with the fundamental and implied terms of the contract.  Defendant brought about and intended this expectation through the

language used in its website content, including its warm and encouraging messages to the "Lockn' family."

64.     In breach of the covenant of good faith and fair dealing, Lockn' LLC is now enforcing a draconian no-refunds policy which it heretofore concealed.  Defendant has thus unreasonably denied Plaintiffs and Class members the benefit of their bargain.

65.     Lockn' LLC has materially and fundamentally breached the duty of good faith and fair dealing owed to Plaintiffs and members of the Class in at least the following respects: (a) unreasonably, secretly, and in bad faith concealing its policy of offering no refunds when contracted-for entertainment services could not be provided; (b) unreasonably and in bad faith failing to present a clear and plain statement of its no-refunds policy in advance of Plaintiffs' and Class members' decisions to purchase its entertainment services; (c) unreasonably and in bad faith continuing to refrain from making a plain announcement of its draconian no-refunds policy; (d) unreasonably and in bad faith refusing to provide refunds to Plaintiffs and the other members of the Class; (e) unreasonably and in bad faith putting its own interests ahead of those of Plaintiffs and the Class members.

66.     Defendant's conduct represents a failure and/or refusal to discharge its contractual responsibilities which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of Plaintiffs and members of the Class and thereby deprives Plaintiffs and members of the Class of the benefits of the agreed-upon term of their agreement.

67.     Defendant has engaged and continues to engage in conduct that violates the legislatively declared policy of the CLRA against misrepresenting the characteristics, uses, benefits and quality of goods and services for sale.

68.     Plaintiffs and members of the Class performed their obligations under the written or implied contract by paying substantial monies and fees for Lockn' LLC's entertainment services.

69.     Plaintiffs and members of the Class were damaged by Defendant's breach of the covenant of good faith and fair dealing in that they did not receive the benefits of the services for which they paid, and therefore are entitled to damages according to proof at trial.

Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

### THIRD CAUSE OF ACTION
**Conversion**
**(On Behalf of the Class)**

70.     Plaintiffs incorporate by reference the allegations set forth above.

71.     From the moment Lockn' 2020 was postponed and rescheduled, on April 9, 2020, Plaintiffs and the Class owned and had a right to possess funds in the amount they had paid for tickets to attend the originally-scheduled event

72.     Defendant intentionally and substantially interfered with property belonging to Plaintiffs and Class members by taking possession of, and refusing to return, these funds to Plaintiffs after they demanded their return.

73.     Plaintiffs and Class members did not consent to Defendant's conduct in withholding and retaining their funds.

74.     Plaintiffs and Class members were harmed, and continue to be harmed, by Defendant's conduct.

75.     The conduct of Defendant was a substantial factor in causing this harm to Plaintiffs and the Classes.

76.     As a result of Defendant's conduct, Plaintiffs and the Class members have been damaged in an amount to be determined at trial.

Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

### FOURTH CAUSE OF ACTION
**Unjust Enrichment – Quasi-Contract Claim Seeking Restitution**
**(On Behalf of the Class)**

77.     Plaintiffs incorporate by reference the allegations set forth above.

78.     Plaintiff and the Class members conferred benefits on Defendant by paying, and being charged for, tickets, and large additional fees to attend Lockn' 2020, before that event was postponed and rescheduled on April 9, 2020.

79.     Defendant has knowledge of such benefits.  Defendant has been unjustly enriched by retaining the revenues derived from Plaintiffs' and Class members' ticket purchase money, plus additional fees.  Retention of those moneys under circumstances in which Lockn' 2020 will not occur on its originally-scheduled June dates is unjust and inequitable because Defendant is retaining its customers' full ticket payments, and large sums paid as additional fees, even after unilaterally postponing Lockn' 2020, and even after being expressly informed that some ticketholders cannot attend Lockn' 2020 on the new dates.  Defendant's outrageous (and heretofore secret) no-refunds policy has caused, and is causing, injuries to Plaintiffs and other Class members.

80.     Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiffs and members of the Classes is unjust and inequitable, particularly in the midst of a pandemic that is causing severe financial distress to millions of Americans, Defendant must pay restitution or disgorgement to Plaintiffs and members of the Class for its unjust enrichment.

Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

## FIFTH CAUSE OF ACTION

### Violation of California Consumers Legal Remedies Act – Injunctive Relief
### (On Behalf of the California Subclass)

81.     Plaintiffs incorporate by reference the allegations set forth above.

82.     Plaintiffs and other Class members are "consumers" who paid fees to attend Lockn' 2020 on its originally-scheduled dates for personal, family or household purposes. Plaintiffs and the Class are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

83.     By purchasing tickets to Lockn' 2020 from Lockn' LLC, Plaintiffs and Class members purchased a "service" within the meaning of California Civil Code § 1761(b). Alternatively, by purchasing tickets to Lockn' 2020 from Lockn' LLC, Plaintiffs and Class members purchased a "good" within the meaning of California Civil Code § 1761(a).

84.     The acts and practices of Defendant as described above were intended to deceive Plaintiffs and the Class members as described herein and have resulted and will result in

DOCUMENT PREPARED
ON RECYCLED PAPER

1  damages to Plaintiff and the Class members.  These actions violated and continue to violate the

2  CLRA in at least the following respects:

3           a.       In violation of § 1770(a)(5) of the CLRA, Defendant's acts and practices

4  constitute representations that tickets to Lockn' 2020 have characteristics, uses or benefits

5  which they do not;

6           b.       In violation of § 1770(a)(7) of the CLRA, Defendant's acts and practices

7  constitute representations that tickets to Lockn' 2020 are of a particular quality, which

8  they are not; and

9           c.       In violation of § 1770(a)(9) of the CLRA, Defendant's acts and practices

10  constitute the advertisement of tickets to Lockn' 2020 without the intent to sell them as

11  advertised.

12       85.      By reason of the foregoing, Plaintiffs and the Class members have suffered

13  damages.

14       86.      By committing the acts alleged above, Defendant violated the CLRA, and

15  continues to engage in conduct that violates the legislatively declared policy of the CLRA against

16  misrepresenting the characteristics, uses, benefits and quality of goods and services for sale.

17       87.      Under California Civil Code § 1780(a), Plaintiff and the Class members seek

18  injunctive relief and equitable relief for Defendant's violations of the CLRA.  By letter dated May

19  21, 2020, Plaintiffs have noticed and demanded that Defendant correct, repair, replace or

20  otherwise rectify the unlawful, unfair, false and or deceptive practices complained of herein.  To

21  date, Lockn' LLC has ignored this letter.

22       88.      Should the violations herein alleged not be corrected, repaired, replaced or

23  rectified as required by Civil Code § 1782 within 30 days of the referenced notice (*i.e.*, by

24  Monday, June 22, 2020), Plaintiffs will move to amend this Class Action Complaint to pursue

25  claims for actual, punitive, and statutory damages, as appropriate against Lockn' LLC.  As to this

26  cause of action at this time, Plaintiffs seek only injunctive relief.

27       89.      Plaintiffs also request that this Court award them costs and reasonable

28  attorneys' fees pursuant to California Civil Code § 1780(d).

Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

## SIXTH CAUSE OF ACTION

**California's Unfair Competition Law — Based on Fraudulent Acts and Practices,
California Business & Professions Code § 17200 *et seq*.
(On Behalf of the California Subclass)**

90.     Plaintiffs incorporate by reference the allegations set forth above.

91.     Under Business & Professions Code § 17200 *et seq.*, any business act or practice that is likely to deceive members of the public constitutes a fraudulent business act or practice.

92.     Lockn' LLC has engaged and continues to engage in conduct that is likely to deceive members of the public.  This conduct includes, but is not limited to: (a) advertising that consumers would be able to attend Lockn' 2020 on its originally-scheduled dates in exchange for buying tickets to the event; and (b) disclosing only partial and tentative information ("Event Providers may set refund limitations") about its no-refunds policy in the event Lockn' is canceled or postponed.

93.     Having provided partial information (*i.e.* warning of the possibility of "refund limitations"), Lockn' LLC had an affirmative duty to disclose all facts related to its no-refunds policy before consumers purchased their tickets to the originally-scheduled Lockn' 2020, and before that event was postponed on April 9, 2020.

94.     Lockn' LLC reiterates this inadequate and deceptive presentation of its material no-refunds policy by shunting consumers with "Ticketing Questions" directly from the Lockn' website to Front Gate's Terms of Use, where the same statement about "refund limitations" is presented.

95.     The information Lockn' LLC concealed regarding its no-refunds policy was in its exclusive possession and could not have been obtained by Plaintiffs and Class members from other sources.

96.     Further, a reasonable consumer who managed to discover Lockn's purported no-refund policy might reasonably assume its invalidity given that a contract is unenforceable as

Document Prepared
on Recycled Paper

illusory when it confers upon one party the unfettered right to renounce all obligations under the contract after the other party has already performed.

97.     Plaintiffs and Class members purchased tickets to the originally-scheduled Lockn' 2020 with the reasonable expectation that Defendant would provide the Lockn' experience on June 18-21, 2020.  Lockn' LLC's representations to this effect, and its omissions of any plain statement of its draconian no-refunds policy, are material, untrue and misleading. These representations and omissions are thus likely to deceive both Plaintiffs and reasonable consumers.  Plaintiffs and Class members have thus suffered injury in fact and lost money or property as a direct result of Defendant's misrepresentations and material omissions.

98.     By committing the acts alleged above, Lockn' LLC has engaged in fraudulent business acts and practices, which constitute unfair competition within the meaning of Business & Professions Code § 17200.

99.     Defendant has also engaged and continues to engage in conduct that violates the legislatively declared policy of the CLRA against misrepresenting the characteristics, uses, benefits and quality of goods and services for sale.

100.     An action for injunctive relief and restitution is specifically authorized under Business & Professions Code § 17203.

Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

## SEVENTH CAUSE OF ACTION

**California's Unfair Competition Law — Based on Commission of Unlawful Acts, California Business & Professions Code §§ 17200 *et seq*.**
**(On Behalf of the California Subclass)**

101.     Plaintiffs incorporate by reference the allegations set forth above.

102.     The violation of any law constitutes an unlawful business practice under Business & Professions Code § 17200.

103.     As detailed more fully in the preceding paragraphs, the acts and practices alleged herein were intended to or did result in the sale of tickets to Lockn' 2020 in violation of

DOCUMENT PREPARED ON RECYCLED PAPER

the CLRA, California Civil Code §1750, *et seq*., and specifically California Civil Code § 1770(a)(5), § 1770(a)(7) and § 1770(a)(9).

104.     Defendant has engaged and continues to engage in conduct that violates the legislatively declared policy of the CLRA against misrepresenting the characteristics, uses, benefits and quality of goods and services for sale.

105.     Defendant has engaged and continues to engage in conduct that violates Business and Professions Code § 22507, requiring ticket sellers, upon request, to refund the ticket price of "any event which is canceled, postponed, or rescheduled."

106.     Defendant's conduct is also unlawful because it constitutes a breach of contract, a breach of the implied covenant of good faith and fair dealing, and the tort of conversion.

107.     By violating the CLRA, violating Business and Professions Code § 22507, breaching its contracts with Plaintiffs and the Class, breaching the implied covenant of good faith and fair dealing, and by committing the tort of conversion, Defendant has engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Business & Professions Code § 17200.  Plaintiffs have suffered injury in fact and lost money or property as a direct result of Defendant's violations of law.

108.     An action for injunctive relief and restitution is specifically authorized under Business & Professions Code § 17203.

Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

## EIGHTH CAUSE OF ACTION

**California's Unfair Competition Law — Based on Unfair Acts and Practices, California Business & Professions Code §§ 17200 *et seq*.**
**(On Behalf of the California Subclass)**

109.     Plaintiffs incorporate by reference the allegations set forth above.

110.     Under California Business & Professions Code § 17200, any business act or practice that is unethical, oppressive, unscrupulous or substantially injurious to consumers, or that violates a legislatively declared policy, constitutes an unfair business act or practice.

DOCUMENT PREPARED
ON RECYCLED PAPER

111.     Lockn' LLC has engaged and continues to engage in conduct which is immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers.  This conduct includes, but is not limited to, promising to provide certain entertainment services (*i.e.* the Lockn' experience) on certain dates (June 18-21, 2020), while failing to provide those services on those dates, refusing to provide refunds for its failure to do so, and failing to disclose that, in the event of postponement, Lockn' LLC will retain consumers' purchase money.

112.     Defendant's conduct, including failing to provide the Lockn' experience on the promised dates, refusing to provide refunds to consumers, and failing to disclose its draconian no-refunds policy, is substantially injurious to consumers.

113.     Plaintiffs and Class members purchased tickets to the originally-scheduled Lockn' 2020 with the reasonable expectation that Defendant would provide the Lockn' experience on June 18-21, 2020.  Lockn' LLC's representations to this effect, and its omissions of any plain statement of its draconian no-refunds policy, are material, untrue and misleading. These representations and omissions are thus likely to deceive both Plaintiffs and reasonable consumers.  Plaintiffs and Class members have thus suffered injury in fact and lost money or property as a direct result of Defendant's misrepresentations and material omissions.

114.     The harm Lockn' LLC inflicts by concealing its no-refunds policy, as described herein, far outweighs the utility, if any, of such conduct.

115.     Defendant has engaged and continues to engage in conduct that violates Business and Professions Code § 22507, requiring ticket sellers, upon request, to refund the ticket price of "any event which is canceled, postponed, or rescheduled."

116.     Defendant has engaged and continues to engage in conduct that violates the legislatively declared policy of the CLRA against misrepresenting the characteristics, uses, benefits and quality of goods and services for sale.

117.     By committing the acts alleged above, Lockn' LLC has engaged in unfair acts and practices, which constitute unfair competition within the meaning of Business & Professions Code § 17200

118.     An action for injunctive relief and restitution is specifically authorized under California Business & Professions Code § 17203.

Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

## NINTH CAUSE OF ACTION

**Minnesota's Unfair Trade Practices Act — Based on Deceptive, Unfair, and Misleading Practices, Minnesota Statutes §§ 325D.09-325D.16**
**(On Behalf of the Minnesota Subclass)**

119.     Plaintiffs incorporate by reference the allegations set forth above.

120.     At all relevant times material hereto, Lockn' LLC conducted trade and commerce in Minnesota and elsewhere.

121.     Without limitation, Lockn' LLC has engaged in fraudulent and/or deceptive practices related to the sale of certain entertainment services (the Lockn' experience) on certain dates (June 18-21, 2020), including but not limited to concealing to purchasers of said services that their purchase money would not be refunded in the event Lockn' was postponed.

122.     Lockn' LLC's unconscionable conduct described herein included the omission and concealment of material facts concerning the sale of certain entertainment services (*i.e.* the Lockn' experience) on certain dates (*i.e.* June 18-21, 2020).

123.     As described above, Lockn' LLC consciously failed to disclose material facts relevant to its draconian no-refunds policy, to Plaintiffs and other Class members.

124.     The information Lockn' LLC concealed regarding its no-refunds policy was in its exclusive possession and could not have been obtained by Plaintiffs and Class members from other sources.

125.     Having provided partial information (*i.e.* warning of the possibility of "refund limitations" and inviting ticketholders to request a refund if their event was postponed), Lockn' LLC had an affirmative duty to disclose all facts related to its no-refunds policy before consumers purchased their tickets to the originally-scheduled Lockn' 2020, and before that event was postponed on April 9, 2020.

DOCUMENT PREPARED
ON RECYCLED PAPER

126.     Lockn' LLC intended that Plaintiffs and the Class members rely on its fraudulent and/or deceptive practices and acts of concealment and omissions described herein to, without limitation, (a) induce consumers to purchase certain entertainment services (*i.e.* the Lockn' experience) on certain dates (*i.e.* June 18-21, 2020) in the mistaken belief that Defendant would provide those services on those dates; (b) induce consumers to purchase certain entertainment services (*i.e.* the Lockn' experience) on certain dates (*i.e.* June 18-21, 2020) in the mistaken belief that  their purchase money would be refunded in the event no such services would be provided on those dates; and (c) capture sales of similar entertainment services from other Event Providers whose refund policies were accurately disclosed.

127.     The foregoing acts, misrepresentations, omissions, and unconscionable commercial practices in violation of the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44, subds. (1) (5), (7), (9), and (13), have caused Plaintiffs and the Class members to suffer ascertainable damages, and they are entitled to recover such damages, together with appropriate penalties, attorneys' fees, and costs of suit.

Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

## <u>TENTH CAUSE OF ACTION</u>

**Minnesota's Consumer Fraud Act — Based on Unfair, Unlawful, and Fraudulent Trade Practices, Minnesota Statutes §§ 325F.68-325F.70, privately enforced under Minn. Stat. § 8.31, subd. 3a**
**(On Behalf of the Minnesota Subclass)**

128.     Plaintiffs incorporate by reference the allegations set forth above.

129.     Lockn' LLC has engaged and continues to engage in fraudulent and misleading conduct that is likely to deceive members of the public with respect to selling certain entertainment services (*i.e.* the Lockn' experience) on certain dates (*i.e.* June 18-21,2020).  This conduct includes, but is not limited to, disclosing only partial and tentative information ("Event Providers may set refund limitations") about its no-refunds policy in the event Lockn' is canceled or postponed.

130.     Having provided partial information (*i.e.* warning of the possibility of "refund limitations"), Lockn' LLC had an affirmative duty to disclose all facts related to its no-refunds

DOCUMENT PREPARED
ON RECYCLED PAPER

policy before consumers purchased their tickets to the originally-scheduled Lockn' 2020, and before that event was postponed on April 9, 2020.

131.     Lockn' LLC reiterates this inadequate and deceptive presentation of this crucial and material policy by shunting consumers with "Ticketing Questions" directly from the Lockn' website to Front Gate's Terms of Use, where the same statement about "refund limitations" is presented.

132.     The information Lockn' LLC concealed regarding its no-refunds policy was in its exclusive possession and could not have been obtained by Plaintiffs and Class members from other sources.

133.     Lockn's deception is ongoing.  To date, it has not disclosed its draconian no-refunds policy to the public at large.

134.     Further, a reasonable consumer who managed to discover Lockn's purported no-refund policy might reasonably assume its invalidity given that a contract is unenforceable as illusory when it confers upon one party the unfettered right to renounce all obligations under the contract after the other party had already performed.

135.     The statements Lockn' LLC made—*i.e.* warning of "refund limitations" while inviting ticketholders to postponed events to submit requests for refunds—were not sufficient to prevent consumers from being misled into believing that Lockn' LLC would offer refunds if Lockn' LLC unilaterally postponed Lockn' 2020.

136.     Plaintiffs and Class members purchased tickets to the originally-scheduled Lockn' 2020 with the reasonable expectation that their tickets would be refunded if the event was postponed.  Lockn' LLC's representations to this effect—and its omissions of any plain statement of its actual no-refunds policy are material, untrue and misleading.  These representations and omissions are thus likely to deceive both Plaintiffs and reasonable consumers.

137.     Plaintiffs and Class members have thus suffered injury in fact and lost money or property as a direct result of Defendant's misrepresentations and material omissions.

138.      By committing the acts alleged above, Lockn' LLC has engaged in fraudulent business acts and practices under the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.69, subds. (1) and (4) (actionable under Minn. Stat. § 8.31, subd. 3a.

Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs on behalf of themselves, those similarly situated, and the general public, respectfully request that the Court enter judgment against Defendant, including:

A.      Certification of the proposed Class and Subclasses, including appointment of Plaintiffs' counsel as class counsel;

B.      An order preliminarily and permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices, and other violations of law described in this Complaint;

C.      An order directing Defendant to implement whatever measures are necessary to remedy the unlawful, unfair or fraudulent business acts or practices, and other violations of law described in this Complaint;

E.      An order directing Defendant to notify each and every Class member of the pendency of the claims in this action in order to give such individuals an opportunity to seek refunds and/or obtain restitution and damages from Defendant;

F.      An order awarding damages to Plaintiffs and the Class to compensate them for the conduct alleged in this Complaint under all causes of action that allow for damages;

G.      An order directing Defendant to pay restitution to restore all Class members all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair or fraudulent business act or practice, plus pre- and post-judgment interest thereon;

H.      An order directing Defendant to disgorge all money wrongfully retained and all revenues and profits derived by Defendant as a result of their wrongful acts or practices as alleged in this Complaint;

I.      An award of punitive damages pursuant to California Civil Code § 1780(a)(4);

DOCUMENT PREPARED
ON RECYCLED PAPER

J.      An award granting Plaintiffs their reasonable attorneys' fees and costs of suit pursuant to California Code of Civil Procedure § 1021.5, California Civil Code § 1780(d), the common fund doctrine, Minnesota's Private Attorney General Statute, Minn. Stat. § 8.31, subd. 3a, or any other appropriate legal theory; and

K.      Such other relief as may be just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action so triable.


Dated:    June 1, 2020                               Respectfully submitted,

                                                     LEXINGTON LAW GROUP


                                                     */s/ Howard Hirsch*
                                                     Howard Hirsch
                                                     Attorneys for Plaintiffs
                                                     ALEX WELLINS and
                                                     MIKE MILLER